UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | Case No: CR 07-0311 SBA |
|---|---|
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANT'S MOTION FOR MODIFICATION OF CONDITIONS OF SUPERVISED RELEASE |
| MARVIN WAYNE FULLWOOD, | |
| Defendant. | Dkt. 5 |

On December 2, 2002, Defendant was sentenced in the United States District Court for the Northern District of Texas to 57 months imprisonment and 60 months of supervised release, for violation of 21 U.S.C. §§ 846 and 841(b)(1)(B), Attempt to Possess With Intent to Distribute More Than 500 Grams of Cocaine, a Class B Felony. Dkt. 2 at 3. Defendant began his term of supervised release on January 12, 2007, and his supervision is scheduled to expire on January 11, 2012. Id. at 2. On May 17, 2007, the Northern District of Texas transferred jurisdiction over Defendant to this Court.

On August 19, 2010, Defendant filed a Motion for Modification of Conditions of Supervised Release, asking that the Court terminate the remainder of supervised release, on the grounds that he has complied with the terms of his release and has made educational progress towards a master's degree in Kinesiology. Dkt. 5 ("Defendant's Motion"). On September 21, 2010, the Court directed Plaintiff to consult with the U.S. Probation Officer assigned to this matter, and to file a response indicating the positions of both Plaintiff and the U.S. Probation Office with respect to Defendant's Motion. Plaintiff filed its response on October 22, 2010. Dkt. 10.

Both the U.S. Probation Office and Plaintiff recommend that Defendant remain under supervision until the expiration of his original 60 month term. Specifically, the Probation Officer assigned to this case indicates that Defendant was initially "rude," "argumentative" and had an "extremely poor" attitude toward the Probation Office. <u>Id.</u> at 1. In addition, in Defendant's contact with police during supervised release (upon receiving two speeding tickets), "he has been rude and uncooperative enough for the officers to make a point of contacting the probation officer to inform of the difficult interaction." <u>Id.</u> However, the Probation Officer also stated that "over the last year, his attitude has improved remarkably. He is friendly and courteous now, and he engages in fairly meaningful discussions about the various events in his life." <u>Id.</u> The Probation Officer also notes the progress Defendant has made since his release: "he has completed college, receiving a BS in Kinesiology…and is on track to complete a master's degree in the current school year." <u>Id.</u> Defendant also plans to attend a doctoral program after completing his master's degree. <u>Id.</u> The Probation Officer opines that "[p]erhaps, because he is on supervision, this has caused Mr. Fullwood to improve his behavior and he may continue to improve during the final year of supervision." <u>Id.</u> Finally, the Probation Officer states that "there does not appear to be a compelling reason to terminate supervision" and "[t]he fact that he is on supervision does not impede his ability to work, go to school, or travel." <u>Id.</u>

Plaintiff also recommends that Defendant's request for early termination be denied. While acknowledging Defendant's accomplishments, and the improvement of his attitude over the last year, Plaintiff "nevertheless continues to recommend that he fulfill his term of supervised release, because supervision appears to be working for this defendant." <u>Id.</u> at 2-3. Plaintiff indicates that, in cases where the government does not object to early termination of supervision, "it is typically because the Probation Officer has indicated that supervision is interfering with the defendant's ability to find gainful employment." <u>Id.</u> at 3. Plaintiff notes that "[h]ere, there is no indication that supervision is interfering with the defendant's ability to achieve his goals, and, in fact, he has accomplished much while on supervision." <u>Id.</u>

In view of the recommendations of both Plaintiff and the U.S. Probation Office that Defendant remain under supervision until the expiration of his original 60 month term, IT IS HEREBY ORDERED THAT Defendant's Motion for Early Termination of Supervised Release (Dkt. 5) is DENIED.  This Order terminates Docket 5.

IT IS SO ORDERED.

Dated: November 8, 2010

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

USA et al,

        Plaintiff,

  v.

MARVIN WAYNE FULLWOOD et al,

        Defendant.
_____/

                Case Number: CR07-00311 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 9, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

**Marvin Wayne Fullwood** (1)
1364 San Bruno Ave., Apt. 2
San Francisco, CA 94110-3528

Dated: November 9, 2010

                                              Richard W. Wieking, Clerk

                                              By: LISA R CLARK, Deputy Clerk